**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

EMILIO FUSCO,

                      Petitioner,

    - v -                                          Civ. No. 9:05-CV-41
                                                           (GLS/DRH)

D.B. DREW,

                      Respondent.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

EMILIO FUSCO
Petitioner Pro Se
167 Kenmore Drive
Longmeadow, Massachusetts 01106

HON. GLENN T. SUDDABY                  CHARLES E. ROBERTS, ESQ.
United States Attorney for the                  Assistant United States Attorney
Northern District of New York
Attorney for Respondent
100 South Clinton Street
Syracuse, New York 13261-7198

**DAVID R. HOMER**
**UNITED STATES MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

      Pro se Petitioner Emilio Fusco ("Fusco") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging a violation of his due process rights under the Fifth Amendment in regards to a disciplinary hearing at which he was found guilty and sentenced to the loss of good conduct credits. Pet. (Dkt. No. 1) at Ground One.[1]  For the

---

[1] Fusco was released from the custody of the Federal Bureau of Prisons on May 8, 2006. _See_ Fed. Bureau of Prisons Website, < http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=02689-748> (visited June 25, 2007). However, Petitioner fulfills the "in custody" requirement of 28 U.S.C. § 2241 because Fusco is subject to a three-year term of supervised release after his incarceration was completed. _See Harvey v. City of N.Y._, 435 F. Supp. 2d 175, 178 (E.D.N.Y. 2006) (citing _Scanio v. United States,_ 37 F.3d 858, 860 (2d Cir. 1994))

reasons which follow, it is recommended that the petition be denied.

## I. Background

Fusco was convicted in the United States District Court for the District of Massachusetts of racketeering and money laundering conspiracies in violation of 18 U.S.C. §§ 1962(d) and 1956(h). Scannell Decl. (Dkt. No. 5) at Ex. 1a. On September 19, 2003, Fusco was sentenced to thirty-three months to be followed by a three-year term of supervised release. *Id.* On April 1, 2004, while housed at the Federal Correctional Institution in Fort Dix, New Jersey, Fusco was charged with minor assault on another person. *Id.* at Ex. 1b. The charge alleged that on April 1, Fusco was running across the courtyard and when the reporting officer yelled for him to stop, Fusco ran into another inmate, bumping the other inmate in the chest with his own chest. *Id.* When the officer ran toward the inmates, Fusco again bumped into the other inmate and began yelling in that inmate's face. *Id.* Fusco told the officer that he and the other inmate were friends and were just playing around. *Id.* The officer took both inmates to his supervisor's office. *Id.*

A copy of the charge was delivered to Fusco and a supervisory officer proceeded to conduct an investigation. *Id.* Fusco did not request any witnesses to be interviewed during the investigation. However, in his own interview, Fusco stated that he may have been yelling but did not punch anyone. *Id.* The supervisor found the charge to be valid, Fusco was placed in the special housing unit and the matter was referred to a disciplinary hearing officer ("DHO") to conduct a hearing. *Id.* On April 5, 2004, Fusco received notice of the

---

(supervisory release); *see also Fleming v. Abrams*, 522 F. Supp. 1203, 1204-05 (S.D.N.Y. 1981) (same); Scannell Decl. (Dkt. No. 5) at Ex. 1a.

hearing, signed a waiver of his right to have a staff representative, and acknowledged the rights afforded him at the hearing. *See id.* at Exs. 1c & 1d. Fusco also signed and wrote on a form that he waived his right to present witnesses, although he provided the names of two witnesses on that form. *Id.* at Ex. 1c.

On April 15, 2004, a hearing was conducted.[2] *Id.* at Ex. 1e. Fusco denied the charge. He stated that he did not assault the other inmate, he was coming from the gym, he and the other inmate were just talking, and they never touched each other. *Id.* The DHO noted that Fusco had requested two inmate witnesses but that they were not called because Fusco had waived his right to call witnesses. *Id.* In addition to Fusco's testimony, the DHO considered a memorandum from Lt. Kaough, which contained an interview with the other inmate involved in the incident. *Id.* at Exs. 1e & 1f. The other inmate stated that he was near the soccer and baseball field talking to Fusco "about which lifting weights were better[,] Italy or American." *Id.* at Ex. 1f. The inmate then stated that Fusco reached out to touch his face and stated that he was handsome. *Id.* The inmate noted that Fusco was not trying to fight or hurt him. *Id.* The DHO found that the versions of events related by Fusco, the reporting officer, and the other inmate were contradictory. *Id.* at Ex. 1e. The DHO further found that the statements of Fusco and the other inmate were not as credible as the reporting officer's statement. *Id.* Based on that evidence, the DHO found that Fusco committed the act as charged. *Id.*

The DHO imposed sanctions of disciplinary segregation for thirty days and a recommendation of loss of good conduct credits for twenty-seven days. *Id.* In imposing

---

[2] A copy of the hearing transcript was not provided.

sentence, the DHO noted that the assault demonstrated a disregard of the rules and impeded the staff's ability to maintain the facility in an orderly fashion. *Id.* Fusco was provided with a copy of the determination on April 23, 2004, and was notified of his right to appeal. *Id.* Fusco subsequently exhausted all administrative remedies. *Id.* at Exs. 1g, 1h, & 1i. During these appeals, Fusco alleged that there was no proof to substantiate the charge, he was denied an interpreter, and because he could not fully understand the English language, he was tricked into waiving his right to call witnesses. *Id.* This action followed.

## II. Discussion

Fusco contends that his due process rights under the Fifth Amendment[3] were violated when he was not provided a staff representative or interpreter and, when he was denied the right to call two witnesses. Pet. at § D, DHO Hr'g, at ¶ 8.

The Due Process Clause of the Fifth Amendment states that "no person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. In order to present a due process claim, a petitioner must establish that he possessed a constitutionally protected liberty interest. *Allocco Recycling, Ltd. v. Doherty*, 378 F. Supp. 2d 348, 365 (S.D.N.Y. 2005) (citing *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976)); *Reno v. Flores*, 507 U.S. 292, 301-02 (1993); *DeMichele v. Greenburgh Cent. Sch. Dist. No. 7*,

---

[3] Since Fusco was imprisoned in a federal institution, the Fifth and not the Fourteenth Amendment of the United State Constitution would apply to his due process claim. *See Pugliese v. Nelson*, 617 F.2d 916, 918 n.2 (2d Cir. 1980). The analysis of a due process claim under the Fifth Amendment is virtually identical to that under the Fourteenth Amendment. *See Chew v. Dietrich*, 143 F.3d 24, 28 n.4 (2d Cir. 1998) (holding that the due process analysis under the two amendments is "basically the same").

167 F.3d 784 789 (2d Cir. 1999)).  Such a protected liberty interest exists when there is a recommendation for loss of good conduct credits.  *Hinebaugh v. Wiley*, 137 F. Supp. 2d 69, 76 (N.D.N.Y. 2001) (citing *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)).

The Supreme Court has held that a prison disciplinary proceeding does not constitute a "criminal prosecution, [and thus] the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556.  Therefore, a disciplinary hearing that results in loss of good conduct credits will satisfy due process if the following are provided to the inmate: 1) at least twenty-four hour advance notice of the charges; 2) a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence as long as the presentation of evidence is not unduly hazardous to institutional safety or correctional goals; 3) a fair and impartial hearing officer; and 4) a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken.  *See Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing *Wolff*, 418 U.S. at 563-67); *see also Hinebaugh v. Wiley*, 137 F. Supp. 2d at 76.[4]  Furthermore, the Supreme Court has held that "requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board[.]"  *Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 455-56 (1985); *see also Hinebaugh*, 137 F. Supp. 2d at 76.  The Second Circuit has interpreted "some evidence" to be some "reliable evidence."  *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004).

Here, there is no evidence to establish that Fusco was denied any of his due process

---

[4] The Federal Bureau of Prisons has also set forth regulations incorporating these requirements to govern procedures federal prison disciplinary proceedings.  *See* 28 C.F.R. § 541.17.

rights. Fusco was advised of his right to a staff representative and he waived this right by placing a check mark on a form stating that he declined to have a staff representative. Scannell Decl. at Exs. 1c, 1d, & 1e. There is no indication from the DHO's report that Fusco made any complaints that he was denied this right during the hearing and the first time this issue was raised was in his administrative appeals. *See id.* at Exs. 1e, 1g, 1h, & 1i. Furthermore, there is absolutely no indication that Fusco ever requested an Italian interpreter because he had difficulty speaking and understanding English. *See generally id.* at Exs. 1c, 1d, & 1e. As with the staff representative issue, no complaints or objections were lodged until the appeals process. *See id.* at Exs. 1g, 1h, & 1i.

     As to the opportunity to call two inmate witnesses, the record demonstrates that Fusco was not denied his rights. Fusco was advised that he could call witnesses and yet chose to check the line that he did not wish to have witnesses. *Id.* Moreover, Fusco expressly wrote on the same form that he wanted to waive his right to have witnesses called and provided his signature directly after the handwritten statement. *Id.* at Ex. 1c. Apparently, no objections or complaints were registered at the hearing when the waiver of witnesses was raised. *Id.* at Ex. 1e. Notwithstanding, the DHO considered a statement made by one of the witnesses Fusco sought to call who was also the subject of the disciplinary charge. *Id.* at Exs. 1e & 1f.

     Additionally, there is reliable evidence that the incident in question occurred. The reporting officer witnessed and described the alleged event in detail. *Id.* at Ex. 1b. Furthermore, the statements made by the inmate involved in the incident and Fusco were contradictory in that the inmate stated that there was some touching whereas Fusco stated

that there was none.  *Id.* at Exs. 1e & 1f.  This contradiction on a central factual issue rendered their statements unreliable as opposed to that of the reporting officer.  Thus, based on all the evidence presented, no violation of due process occurred.

Therefore, it is recommended that the Petition be denied.

### III.  Conclusion

For the reasons stated herein, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of HHS*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:  June 27, 2007
       Albany, New York

United States Magistrate Judge